**Robert L. GRAY, et al. Plaintiffs,**

**v.**

**PHILLIPS PETROLEUM COMPANY, Defendant.**

**James L. ANSON, et al. Plaintiffs,**

**v.**

**PHILLIPS PETROLEUM COMPANY, Defendant.**

**Civ. A. Nos. 84–2107–S, 84–2295–S.**

United States District Court, D. Kansas.

Feb. 28, 1991.

John H. Fields, Carson, Fields, Asner & Carson, Kansas City, Kan., for plaintiffs.

Barbara A. Harmon, David J. Waxse, Shook, Hardy & Bacon, Overland Park,

Kan., Donald S. Zimmerman, Phillips Petroleum Co., Bartlesville, Okl., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for an order reconsidering and setting aside the order of dismissal entered on June 29, 1990, as it pertains to plaintiffs' then-pending application for determination of costs filed June 20, 1990. Because the court finds that exceptional circumstances exist such that the plaintiffs' application for determination and award of costs should be considered by the court, plaintiffs' motion for reconsideration of the order of dismissal, as it pertains to plaintiffs' application for costs, will be granted. *See Mobile Power Enterprises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir.1974).[1]

On June 20, 1990, as renewed via a timely-filed motion for reconsideration on July 9, 1990, plaintiffs in these consolidated age discrimination cases filed an application for determination and award of costs, pursuant to 29 U.S.C. § 626(b) and Local Rule 220 of this District. Specifically, plaintiffs seek an award of $68,861.49, $68,009.25 of which represents expert witness fees. Plaintiffs contend that these costs, including expert witness fees, should be awarded because these costs are of the type normally passed on by attorneys to their clients, citing *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).

Plaintiffs' counsel also attaches as "Exhibit D" to the application for costs the contract between plaintiffs' counsel and plaintiffs for representation in this case. The contract specifically provides that plaintiffs are to pay their "aliquot share of all Court costs and all expenses directly incurred in investigating and litigating this matter to include the costs of the following: depositions, court reporters, photos, witnesses' statements, expert witnessess [sic], etc." Plaintiffs' counsel further states that although counsel agreed to release plaintiffs from the contingent percentage portion of the attorney fee contract in this case in order to facilitate settlement, counsel "did not agree to modify the clients' responsibility for payment of the expert witness fees and other costs that we seek to recover from Phillips Petroleum Company in this motion." Memorandum in Support of Plaintiffs' Application, at 5.

Section 626(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) ("ADEA"), incorporates section 216(b) of the Fair Labor Standards Act, which provides:

[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).[2] Both parties agree that the interpretation placed upon this section by Judge O'Connor of this District in *Johns v. Whirlpool Corp.*, No. 86–2003 (D.Kan., *unpublished*, Feb. 4, 1988) (1988 WL 120701, 1988 U.S.Dist. LEXIS 1454), is

1. Although neither party raises a jurisdictional issue, the court, *sua sponte*, will briefly discuss this point. The circumstances which the court considers to be "exceptional" in connection with the court's present consideration of plaintiffs' application for determination and award of costs can be briefly summarized *as follows*. At the June 29, 1990 hearing to finalize settlement in these consolidated cases, the court advised counsel for both parties that the stipulations for dismissal and order of dismissal should be entered on that date. The court also stated, however, that it would consider plaintiffs' then-pending, but not yet ripe, application for costs upon plaintiffs' filing of a motion to reconsider, which plaintiffs filed on July 9, 1990. Accordingly, the court finds that defendant cannot be deemed to suffer any prejudice from the court's

consideration of plaintiffs' application at this time given the court's remarks at hearing and the parties' settlement agreement in this case (which discloses defendant's prior contemplation of plaintiffs' filing an application for costs). Thus, the court finds no jurisdictional barrier to ruling on plaintiffs' application notwithstanding the June 29, 1990 order of dismissal.

2. Although there is no apparent dispute as to plaintiffs' collective status as prevailing parties, the court notes that, having obtained a favorable settlement, plaintiffs can be considered prevailing parties for purposes of awarding statutory costs. *United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 447 (8th Cir.1982) (and cases cited therein).

persuasive authority in this matter. In *Johns*, Judge O'Connor stated:

> [p]laintiff also requests reimbursement for costs and expenses incurred in the litigation. The Tenth Circuit has held that '[i]tems that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount.' *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983). In deciding whether an item can be charged as an expense, the court must determine that firms in the local area normally charge such expenses to their clients. *Id.* Although some of the expenses claimed by the plaintiff fall within the cost provisions of 28 U.S.C. § 1920, the court will consider them as part of the expenses allowed under 29 U.S.C. § 216(b). Thus, a bill of costs filed with the clerk is unnecessary.
>
> .  .  .  .  .
>
> The Tenth Circuit has apparently held that expert witness fees exceeding the section 1821 limit can be awarded as part of an attorney's fees award. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). The policy underlying the attorney's fees provision in discrimination statutes is to encourage private persons to bring meritorious actions and provide a public service by discouraging and eliminating unlawful discrimination. Applying the limitation of section 1821 would be inconsistent with these policies. Although the court found [plaintiff's expert witness'] testimony to be based on inaccurate assumptions, plaintiff's decision to hire an expert in this case was reasonable and legitimate. Therefore, these costs will be awarded to the plaintiff as expenses of the litigation.

*Johns*, slip op., at 7–8.

Defendant opposes plaintiffs' application "because plaintiffs and their attorneys have already received substantial sums of money in settlement of these cases, which defendant intended would cover all of its liabilities to plaintiffs. Also, the amount of the settlement allocated for attorney's fees greatly exceeds the amount of attorney's fees and costs actually incurred by plaintiffs in this litigation and, thus, any additional recovery would be a windfall to plaintiffs." Defendant's Response, at 2.

■ As an initial matter, the court finds that the costs sought in plaintiffs' application are recoverable under 29 U.S.C. § 626(b), which incorporates 29 U.S.C. § 216(b), as interpreted in *Johns*, because they are of the type normally charged to the client in this District, and because plaintiffs' contract with their attorneys so provides. *Johns*, slip op., at 7–8. The court finds nothing in the parties' settlement agreement to support Phillips' argument that the settlement was intended to cover all of the plaintiffs' liabilities and preclude an application for costs. Plaintiffs' settlement agreement with Phillips, attached to plaintiffs' application as "Exhibit A," specifically provides that "[i]t is further agreed that Anson, in conjunction with the other plaintiffs in this lawsuit, and Mr. Fields [plaintiffs' attorney] may file an application for costs and any additional attorney's fees with the District Court." Thus, the court finds Phillips' argument that plaintiffs' present application for costs is somehow contrary to the terms of the parties' settlement agreement is without merit.

■ Phillips also contends that although *Johns* and *Furr* hold that a prevailing party in an age discrimination case may be awarded expert witness fees exceeding the $30 per day limit set forth in 28 U.S.C. § 1821, a party such as plaintiffs should not be allowed to recover such fees when the party has already received a "sizeable" settlement, including monies for attorney's fees "that far exceed the actual fees and costs incurred." Defendant's Response, at 3. Phillips argues that to award fees and other expenses in this case, in which plaintiffs' counsel has already received more than $590,000.00 in attorneys' fees from Phillips, would result in a windfall to plaintiffs' counsel. Such a windfall, defendant argues, would be in contravention of Congressional policy behind the fee-shifting

provision of the ADEA and other similar civil rights statutes.[3]

In the court's view, the gravamen of defendant's objection to plaintiffs' application is its assertion that the attorney's fee paid to plaintiff's counsel under the parties' settlement agreement "appears to far exceed the amount of expenses incurred and time actually spent by plaintiffs' attorneys in litigating this case." Defendant's Response, at 4. Thus, under Phillips' argument, plaintiffs' counsel should absorb the more than $68,000.00 in costs, including expert witness fees. The court, however, finds no factual basis for accepting Phillips' assertion that plaintiffs' attorneys have been overcompensated. Further, to date, plaintiffs, not their counsel, have paid the $68,000.00 in costs. Plaintiffs' Reply, at 1. Thus, the court finds that an award of these costs will inure primarily to the benefit of plaintiffs, not their counsel. In sum, because the items sought are properly awardable as costs under section 626(b) of the ADEA, and as the proposed costs appear to be reasonable in amount, the court finds that plaintiffs' application for determination and award of costs should be granted. The court finds that defendant's arguments in opposition to plaintiffs' application are without merit.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for reconsideration of the June 29, 1990 order of dismissal only as it pertains to plaintiffs' application for costs is granted.

IT IS FURTHER ORDERED that plaintiffs' application for determination and award of costs, filed June 20, 1990, is granted. The Clerk of the Court is directed to enter judgment in this case to reflect the award of costs to plaintiffs in the amount of $68,861.49.

---

**3.** In support of its argument, Phillips cites *Cooper v. Singer*, 689 F.2d 929 (10th Cir.1982). The court finds Phillips' citation to *Cooper* to be unpersuasive for several reasons. First, in the court's view, the *Cooper* language quoted by Phillips stands for the general proposition that Congress was concerned that plaintiffs, rather than their attorneys, be the primary beneficiaries of attorney fee awards and that courts have discretion in awarding fees to meet this end. *Id.* at 931. Second, as plaintiffs point out, the Tenth Circuit's holding in *Cooper, i.e.,* that a contingent fee contract evidences the maximum allowable fee under section 1988, has been expressly disapproved by the Tenth Circuit in a rehearing *en banc*, 719 F.2d 1496, 1502–03 (10th Cir.1983) (substituting the rule that a section 1988 attorney fee award places a ceiling on an attorney's permissible recovery under a contingent fee agreement). Finally, the continued vitality of either version of *Cooper* is questionable in light of *Venegas v. Mitchell*, — U.S. —, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990).