STEPHEN H. ANDERSON, Circuit Judge.
The United States appeals from a post-judgment order awarding certain expert witness fee costs in excess of the statutory limit contained in 28 U.S.C. § 1821 to plaintiffs Phillip Lee Hull, a minor, and his parents, also his guardians and personal representatives, Phillip Gene Hull and Tanya Lee Hull. The challenged order followed a judgment entered in favor of plaintiffs in their action for monetary damages against the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680, based upon the severe and permanently disabling injuries suffered by Phillip Lee Hull at the time of his birth as a result of medical malpractice at the Clare-more Indian Hospital in Oklahoma. The government admitted liability, and a bench trial was held on the issue of damages only, resulting in an award of more than eight million dollars. This court recently vacated the district court’s decision, and remanded the case for further proceedings. Hull v. United States, 971 F.2d 1499 (10th Cir.1992).[2]
The order granting costs which is the subject of this appeal was entered on February 27, 1992. Plaintiffs had filed an application for costs, seeking, inter alia, $63,-060.14 in witness fees. Of the total amount, $2,344.31 were denominated “Sec. 1821 amounts,” and were limited to $30.00 per day plus travel expenses.[3] The remainder was denominated “Costs in excess of Sec. 1821 amounts.” Plaintiffs argued before the district court, as they do here, that “the complicated nature of this case as to liability and extensive damages” rendered the expert testimony “indispensable to the determination- of the case.” Application for Costs, Ex. A at 1; Appendix at ’27.
In its order awarding costs, the district court noted the government’s objection to the allowance of expert witness fees in excess of the amounts authorized by section 1821, but awarded the full amount sought, reasoning as follows:
These issues were highly technical and it was imperative that the Court avail itself of the medical expertise rendered by the witnesses in order to make a determination on the damage issues. The Court acknowledges that prior Court approval of expert witness fees is the preferred approach; nevertheless, the Court finds that in this case the expert witness testimony was essential.
Order; Appendix at 111. This appeal followed.
The government, relying on Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), argues the district court improperly awarded expert witness fees in excess of the section 1821 amounts. We agree.
28 U.S.C. § 1920 provides in pertinent part:
*572 A judge or clerk of any court of the United States may tax as costs the following:
(3) Fees and disbursements for printing and witnesses;
(6) Compensation of court appointed experts ____
28 U.S.C. § 1821 defines the witness fee contemplated in section 1920(3) as follows:
(a) (1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... shall be paid the fees and allowances provided by this section.
(b) A witness shall be paid an attendance fee of $30 per day for each day’s attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
In Crawford Fitting, the Supreme Court held that “absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant’s witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.” 482 U.S. at 445, 107 S.Ct. at 2499. The plaintiffs in Crawford Fitting had relied on Fed.R.Civ.P. 54(d) to justify an award of expert witness fees in excess of the $30.00 per day limit of section 1821, arguing that Rule 54(d) gave the district court discretion to exceed the section 1821 limit. Rule 54(d) provides in pertinent part: “Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.” The Court in Crawford Fitting rejected that argument, observing that such a construction of Rule 54(d) would render sections 1920 and 1821 meaningless: “We will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Rule 54(d) or any other provision not referring explicitly to witness fees.” 482 U.S. at 445, 107 S.Ct. at 2499. The Court’s language is broad:
We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants’ witnesses. This conclusion is all the more compelling when we consider that § 1920(6) allows the taxation, as a cost, of the compensation of court-appointed expert witnesses. There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a limit for litigants’ witnesses. It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so. We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821(b) only when the witness is court-appointed.
482 U.S. at 442, 107 S.Ct. at 2497 (emphasis added); see also West Virginia Univ. Hosps., Inc. v. Casey, — U.S. —,—, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991) (reaffirming Crawford Fitting’s requirement that there be “explicit statutory authority” for an award of expert witness fees); Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 (10th Cir.1992) (noting “Crawford Fitting’s broad language mandating an explicit statutory reference to witness fees to override the limitations provided by §§ 1920 and 1821.”).
Plaintiffs in this case rely on 28 U.S.C. § 2412(a) as authorization to exceed the limits of section 1821, just as the Crawford Fitting plaintiffs attempted to rely on Rule 54(d). Section 2412 provides in pertinent part:
(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States____
We see no reason why an argument based on section 2412(a) should fare any better than an argument based on Rule 54(d). *573 Neither “refer[s] explicitly to witness fees.” Crawford Fitting, 482 U.S. at 445, 107 S.Ct. at 2499; see also Gray v. Phillips Petroleum Co., 971 F.2d 591, 593. Moreover, section 2412(a) itself explicitly refers to section 1920, which, as explained above, provides for witness fees, as defined in, and limited by, section 1821. See Crawford Fitting, 482 U.S. at 440-41, 107 S.Ct. at 2496-97. Thus, the very terms of section 2412(a) indicate that the limits contained in sections 1920 and 1821 apply to any award of costs made pursuant to that statute.
Finally, section 2412(d)(1)(A) provides for an award of “fees and other expenses” to a prevailing party other than the United States in any civil action other than a tort action. “Fees and other expenses” is defined as including “the reasonable expenses of expert witnesses.” 28 U.S.C. § 2412(d)(2)(A). Congress obviously knew perfectly well how to specifically provide for the award of expert witness fees, and it did so in section 2412(d)(1)(A). It evidently chose not to, however, in section 2412(a), the section upon which plaintiffs rely.
We therefore hold that the district court erred in awarding to plaintiffs expert witness fees in excess of the limits contained in section 1821. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1150 (10th Cir.), cert. denied, — U.S. —, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991); Huffman v. Caterpillar Tractor Co., 908 F.2d 1470, 1478 (10th Cir.1990); Reazin v. Blue Cross and Blue Shield of Kansas, 899 F.2d 951, 980-82 (10th Cir.), cert. denied, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990).
Ordinarily, we would simply vacate the portion of the cost award which exceeds the limit contained in section 1821. However, because this court recently vacated the underlying judgment and remanded it for further proceedings, we hereby VACATE the entire award of costs and REMAND to the district court for entry of an award of costs following its entry of judgment in the underlying case.

. This court remanded for further consideration of the following issues; (1) the appropriate form of the trust in which Phillip Lee’s damage award should be placed; (2) the correct amount of accrued interest on the damage award; (3) the correct treatment of the compensation awarded to Phillip Lee’s guardian ad litem— what portion was properly taxed as costs and what portion should have been deducted from the damages award as attorney's fees; and (4) to make appropriate factual findings explaining the court’s method of calculating the present value of the damage awards and to support its decision denying certain other specific damage claims.

. At the time the application was filed, 28 U.S.C. § 1821 provided for a per diem of $30.00 per day for witnesses who attend a trial. It has since been increased to $40.00 per day. 28 U.S.C. § 1821(b) (amended 1990).