95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William J. HAMPTON, Plaintiff-Appellant,
v.
AMERICAN PLUMBING & SEWER, INC., Defendant-Appellee.
 No. 95-2679.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1996.*
Decided Aug. 21, 1996.
 
 Before RIPPLE, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The sole issue raised on this appeal is whether fees for nontestimonial expert services are compensable under 29 U.S.C. § 216(b), the fee shifting provision of the Fair Labor Standards Act. We believe that these fees are not compensable, and affirm.
 
 BACKGROUND
 
 2
 William Hampton sued his employer, American Plumbing and Sewer, Inc., for overtime back wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201-219, the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. American Plumbing was served with a summons but failed to appear. The district court entered a default judgment in the amount of $841.26 for both overtime wages and liquidated damages.
 
 
 3
 After the court entered judgment for Hampton, Hampton's attorney filed a motion under 29 U.S.C. § 216(b) for attorney's fees and costs. Counsel sought $4,299 for attorney's fees, $410 for hiring a certified public accountant who prepared an audit calculating the amount of overtime wages, and $160.40 for other expenses of litigation, including filing fees and duplicating.
 
 
 4
 The district court awarded Hampton $4,299 in attorney's fees and $160.40 in costs, but declined to allow the $410 attributable to the accountant. Even though the case did not go to trial, the district court characterized the accountant fees as "expert witness fees" that were not recoverable as either attorney's fees or costs under 28 U.S.C. § 1920. See West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83 (1991). Judge Hart also noted that the cost of expert witness fees were not specifically authorized under 29 U.S.C. § 216(b).
 
 DISCUSSION
 
 5
 Hampton seeks to recover $410 that he expended in hiring the accountant. Under 29 U.S.C. § 216(b), the FLSA fee shifting provision, a prevailing plaintiff may be reimbursed for "a reasonable attorney's fee ... and costs of the action." The principal issue before us is whether § 216(b) allows recovery of fees for nontestimonial expert services such as the audit performed by Hampton's accountant. This issue is also one of first impression in this circuit.
 
 
 6
 The shifting of federal litigation expenses is generally governed by statute. See, e.g., 28 U.S.C. § 1920 (costs taxable by court include "[f]ees and disbursements for ... witnesses"); 28 U.S.C. § 1821 ("Except as otherwise provided by law, a witness in attendance at any [federal] court ... shall be paid an attendance fee of $40 per day...."). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987), the Supreme Court held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821, absent contract or explicit statutory authority to the contrary." That holding was reaffirmed more recently in West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86-87, 102 (1991), in which the Court concluded that "[42 U.S.C.] § 1988 conveys no authority to shift expert fees."
 
 
 7
 The statute at issue here, § 216(b), does not provide explicit statutory authority for the recovery of expert witness fees; it provides only for the shifting of a "reasonable attorney's fee ... and the costs of the action." 29 U.S.C. § 216(b). Thus, the accountant fees, if recoverable at all, are recoverable as either "attorney's fees" or "costs of the action." The Supreme Court has precluded the first possibility, holding that the phrase "a reasonable attorney's fee" does not include within its scope expert witness fees. Casey, 499 U.S. at 92 (under 42 U.S.C. § 1988, "attorney's fees and expert fees are distinct items of expense."). As for the other possibility, "costs" are defined in 28 U.S.C. § 1920 and do not include expert witness fees, unless the expert is appointed by the court. 28 U.S.C. § 1920(6).
 
 
 8
 On appeal, Hampton argues that "costs of the action" under 29 U.S.C. § 216(b) should be interpreted to mean expenses, including accountant fees, and not be defined by 28 U.S.C. § 1920. A similar argument, however, was expressly rejected by the Court in Casey. There, the Court emphasized that the "costs" allowable under 42 U.S.C. § 1988 has to "be read in harmony with the word 'costs' in 28 U.S.C. § 1920, and thus could not be read to cover expert fees. 499 U.S. at 87 n. 3. See also Gray v. Phillips Petroleum Co., 971 F.2d 591, 595 (10th Cir.1992) ("nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term "costs of the action" to differ from those costs as now enumerated in 28 U.S.C.A. § 1920") (internal quotations and citation omitted).
 
 
 9
 Less than one month after the district court denied Hampton's request for accountant fees (yet more than two months before Hampton filed his appellate brief), we considered a similar request from plaintiffs seeking to be reimbursed for the services of an accountant who calculated their damages and back wages under the FLSA. In Bankston v. State of Illinois, 60 F.3d 1249 (7th Cir.1995), which Hampton does not cite, we vacated an award of total costs incurred by the prevailing plaintiffs in hiring the accountant. In contrast to the present case, the accountant in Bankston testified at trial, and the court qualified him as an expert witness. Id. at 1256. We rejected plaintiffs' contention that, under Casey, accountant fees were recoverable general costs of litigation:
 
 
 10
 [W]hile [Casey ] noted another case that allowed recovery of fees paid to accountants that did not testify at the trial [ Fey v. Walston & Co., 493 F.2d 1036, 1055-56 (7th Cir.1974) ], the general proposition for which Casey stands is that expert witness expenses may not be calculated as part of attorneys' fees or general litigation costs except as allowed by specific provisions of fee-shifting statutes. In Gray v. Phillips Petroleum, 971 F.2d 591, 594 (10th Cir.1992), the Tenth Circuit applied Casey and found that the FLSA fee-shifting provisions did not provide the explicit statutory authority for expert witness fees to be counted as attorneys' fees or other costs. We agree that this is the proper statutory construction of the FLSA fee-shifting provision. It provides that winning plaintiffs are entitled to reasonable attorneys' fees and the costs of the action, but says nothing specific about expert witness fees. 29 U.S.C. § 216(b).
 
 
 11
 The plaintiffs argue that this is an inefficient arrangement that may allow for behind the scenes game-playing with expert research and actual testimony. We can do nothing about that here, however. This is Congress' ken.
 
 Id. at 1257.[1]
 
 12
 Hampton argues, however, that in contrast to cases such as Casey (and presumably Bankston as well), the accounting fees he incurred were unrelated to expert witness testimony. Hampton's case never reached trial, and the services of his accountant were solely non-testimonial--consisting merely of the preparation of an audit of overtime back wages.
 
 
 13
 This argument fails for two reasons. First, Hampton's own submissions to the district court characterized his accountant as an expert witness. As part of his motion for fees, Hampton had submitted a form detailing "Expenses of Suit," which specifically described the $410 accountant's charges as "Expert witness fees." Based on this submission, the district court cannot be faulted for also treating the accountant costs as unrecoverable "expert witness fees." (Order of 6/27/95).
 
 
 14
 Second, the Supreme Court in Casey expressly held that § 1920 precludes recovery of expert witness fees for nontestimonial services, in the absence of other explicit statutory authority. See West Virginia Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86-87 (1991) ("None of the categories of expense listed in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial capacity."). Similar to the statute (42 U.S.C. § 1988) in Casey,[2] 29 U.S.C. § 216(b) does not provide explicit statutory authority to award expert fees to Hampton.
 
 
 15
 Finally, Hampton argues that in light of the typically small cash value of FLSA cases, "it would be folly if the plaintiff's lawyer, in a case involving [merely] $420.00 in overtime, could not obtain from the violating employer the cost of the accountant's audit." (Hampton's Br. at 6.) However, because nothing in § 216(b) provides for an award of expert witness fees, Hampton's accounting expenses are not recoverable. Further, Hampton may want to keep in mind that the proof required to support a claim diminishes when the amount of damages sought is smaller: "The smaller the stakes, the less the required formality of proof. It would be absurd to require a litigant to incur a substantial expense in proving up a claim for only $816." Vukadinovich v. McCarthy, 59 F.3d 58, 60 (7th Cir.1995).
 
 CONCLUSION
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 17
 RIPPLE, Circuit Judge, concurring.
 
 
 18
 I concur in the result.
 
 
 
 *
 After an examination of the brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In Fey, which was brought under the federal securities laws, the prevailing plaintiff was awarded costs for an expert witness, as well as for the expenses of an accountant and an illustrator-diagrammer, neither of whom testified at trial. The Casey Court singled out Fey as "typical" of pre-1976 cases in which the courts shifted expert fees to losing parties under various equitable doctrines. Casey, 499 U.S. at 92
 
 
 [2]
 Section 1988 was amended by the Civil Rights Act of 1991 to include "expert fees as part of the attorney's fee." See Civil Rights Act of 1991, Pub.L. No. 102-166, § 133, 105 Stat. 1071, 1079 (codified at 42 U.S.C. § 1988(c))