Rudolph L. LUCIEN, Plaintiff-Appellant,

v.

Robert C. ROEGNER, Linda S. Pieczynski and Nancy P. Williams, Defendants-Appellees.

No. 81–2807.

United States Court of Appeals, Seventh Circuit.

Submitted June 11, 1982.

Decided June 15, 1982.*

Rudolph L. Lucien, plaintiff-appellant pro se.

Before CUMMINGS, Chief Judge, and PELL and COFFEY, Circuit Judges.

* This appeal was originally decided by unreported order on June 15, 1982. See Circuit Rule 35.

The Court has subsequently decided to issue the decision as an opinion.

PER CURIAM.

This case involves a complex minuet at the courthouse door. The district court denied plaintiff leave to proceed in the district court in forma pauperis. It then granted leave to appeal in forma pauperis, finding that although the claims plaintiff presented were legally frivolous, it could not certify that the appeal was not taken in good faith. Since we believe that the frivolity standard should apply for leave to proceed both in the district court and on appeal, we vacate the district court's grant of pauper status. Treating plaintiff's papers filed in this court as a motion directed to this Court for leave to appeal in forma pauperis, we deny the motion and dismiss the appeal for failure to pay the docket fee.

The procedures and standards to be applied for grants of pauper status on appeal are found in 28 U.S.C. § 1915 and Fed.R. App.P. 24(a), and this Court's decision in *Wartman v. Milwaukee County Court*, 510 F.2d 130 (7th Cir. 1975). When a party has been granted pauper status on appeal to proceed in the district court, he is entitled to appeal in forma pauperis without further authorization by the district court or the Court of Appeals.[1] However, the district court can strip a party of pauper status by certifying that the appeal is not taken in good faith or by finding that the party is otherwise not entitled so to proceed. Fed. R.App.P. 24(a).

 If, as here, a party is denied pauper status to proceed in the district court, he is back to square one. The district court's enquiry is once again on the merits of the party's claims. If the district court again finds them frivolous (as normally it would since it denied pauper status in its court), it should then deny leave to appeal in forma pauperis. The same standard for frivolity normally applies in the district court and on appeal.

Here, the district court granted pauper status on appeal after denying it for its own court since it found that plaintiff was in good faith. But no amount of subjective good faith can bolster a frivolous claim to entitle a party to pauper status. Since the district court expressly found that the claims plaintiff presented were legally frivolous, it erred in granting pauper status on appeal and we vacate that order.

Plaintiff has also moved in this Court for leave to appeal in forma pauperis. We have in addition considered all of the papers plaintiff has filed and the record on appeal. The district court order which plaintiff challenges denied pauper status on claims brought under 42 U.S.C. § 1983 against defendants who were immune from suit: a prosecutor, a non-police witness offering in-court testimony, a policeman securing a warrant relying on the witness' out-of-court statement. The Court's action was without prejudice to plaintiff's refiling his complaint limited to a non-frivolous search and seizure claim. We agree with the district court that the claims presented are legally frivolous and deny leave to appeal in forma pauperis.

Since plaintiff has failed to pay the docket fee on appeal, this appeal is dismissed. Cir.R. 26(c).

---

1. Oftentimes, a party will file in the district court a motion to appeal with pauper status even though he has already been granted pauper status in the district court. The district court should rule on such a motion, if only to deny it as moot.