991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony CHANEY, Plaintiff-Appellant,
v.
Donald CLUSEN and Robert Jahnke, Defendants-Appellees.
 No. 92-1192.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided April 6, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Tony Chaney, a state prisoner, alleges that guard Robert Jahnke slammed shut the slot in his cell door while Chaney's arm was still there, inflicting injury. The district judge declined to let Chaney proceed in forma pauperis and dismissed the suit before service of process, 28 U.S.C. § 1915(d), writing that the allegations against the guard "do not rise to the level of an Eighth Amendment constitutional violation". The judge then authorized Chaney to proceed on appeal in forma pauperis, writing that "his complaint has an arguable basis in fact, however attenuated that basis may be", so that an appeal would not be frivolous.
 
 
 2
 These inconsistent decisions lead us to remand for further proceedings. The complaint is frivolous or it is not, yet the district judge has come down on both sides. If the judge's order permitting Chaney to proceed on appeal in forma pauperis is right, then his order dismissing the complaint as frivolous is wrong. Lucien v. Roegner, 682 F.2d 625 (7th Cir.1982). See also Johnson v. Gramley, 929 F.2d 350 (7th Cir.1991). The district judge's two orders might be reconciled by saying that it is a close question whether the original order dismissing the complaint as frivolous was correct, so that the appeal is not frivolous even though the suit is frivolous, but the district judge's second order speaks of an arguable basis for the complaint rather than for the appeal. This inconsistency leads us to remand for further proceedings concerning Jahnke.
 
 
 3
 In revisiting this case, the district court should give due regard to Hudson v. McMillian, 112 S.Ct. 995 (1992), and to the fact that at this early stage of the litigation the court must assume that the guard slammed the slot shut without warning Chaney or ordering him to withdraw his arm.
 
 
 4
 The complaint is unquestionably frivolous, however, to the extent Chaney seeks relief against Donald Clusen, the warden of the prison. Supervisors are not liable for their subordinates' constitutional torts. The judgment is accordingly affirmed to the extent it dismisses the suit against Clusen, and is otherwise vacated and remanded for further proceedings consistent with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record