25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 George SIMMONS, Plaintiff-Appellant,
v.
John S. GHENT, et al., Defendants-Appellees.
 No. 91-3117.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.[1]
Decided May 9, 1994.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from a district court order dismissing his petition to proceed in forma pauperis, 28 U.S.C. Sec. 1915(d), in a pro se suit brought pursuant to 42 U.S.C. Sec. 1983 seeking damages and equitable relief against a state court judge, certain parole officials, and certain correctional officials.
 
 Background
 
 2
 In 1970, plaintiff (who was then 16 years old) was convicted of a double murder. He was released on parole in 1983, and arrested for armed robbery in 1989. The armed robbery charges were later dismissed, but the Illinois Prisoner Review Board chose to revoke plaintiff's parole. Plaintiff subsequently filed this 19-count civil rights complaint.
 
 
 3
 The complaint asks for damages and for an injunction reinstating plaintiff to parole. Counts 2 through 10, 13 through 16, and 19 challenge the constitutionality of parole revocation proceedings. Counts 11, 12, and 18 challenge the reparole proceedings. The crux of the complaint is that the defendants failed to use constitutionally adequate procedures in revoking parole and denying reparole.
 
 
 4
 The district court held that the allegations of the complaint concerned the fact or duration of plaintiff's confinement, and thus he must first exhaust state court remedies. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974).
 
 
 5
 On April 18, 1994, the United States Supreme Court heard oral arguments in Heck v. Humphrey, 997 F.2d 355 (7th Cir.1993), cert. granted, 114 S.Ct. 751 (U.S.1994), No. 93-6188, on the question of whether a federal court may recharacterize a state prisoner's Sec. 1983 action for damages as a petition for writ of habeas corpus. The decision in Heck may provide much needed guidance on the distinction between civil rights and habeas actions in this context, and whether we should stay (rather than dismiss) the Sec. 1983 action pending exhaustion.
 
 
 6
 The case before us will benefit greatly from this guidance, and for this reason, we remand the case to the district court with directions that it grant plaintiff's petition to proceed in forma pauperis.[2]
 
 
 7
 Finally, if after granting IFP and proceeding on the basis of the Supreme Court's opinion in Heck, the district court determines that this is a Sec. 1983 action, we point out that Counts 1 and 17,[3] dismissed with prejudice on the basis of the running of the two-year statute of limitations, may be subject to the Illinois non-discovery rule, which would toll the running of the statute of limitations.
 
 
 8
 Accordingly, the district court decision is REVERSED and the cause is REMANDED for further proceedings.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is been submitted on the briefs and record
 
 
 [2]
 In doing so, we also note that the district court's dismissal of the complaint under Sec. 1915(d) and the grant of IFP status for purposes of appeal is inconsistent. See Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir.1982) (per curiam). Either the action is frivolous, or it is not
 
 
 [3]
 Count 1 challenges the 1974 transfer from the Juvenile to Adult Division; Count 17 alleges that prison officials compelled him to sign a 1983 parole agreement