30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Glen W. PROPHET, Plaintiff/Appellant,
v.
Mary Lou PROPHET and Tippecanoe County Superior Court,
Defendants/Appellees.
 No. 92-3781.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided June 30, 1994.
 
 1
 Before RIPPLE, and MANION, Circuit Judges and Robert A. GRANT, District Judge.**
 
 ORDER
 
 2
 Glen W. Prophet appeals the district court's dismissal of his complaint, brought under 42 U.S.C. Sec. 1983, as legally frivolous pursuant to 28 U.S.C. Sec. 1915(d). We review the decision for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992). Prophet, an inmate at the Pendleton State Reformatory, argues that his constitutional rights were violated when his former wife, Mary Lou, and the Tippecanoe County Superior Court deprived him of a rightful division of marital assets upon his divorce. He also claims that the Tippecanoe Court failed to notify him more than sixty days before the final hearing as required under Indiana law. We affirm.
 
 
 3
 Under the Rooker-Feldman doctrine, "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987) (Brennan, J. concurring) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). It is well settled that a federal plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993). The two prong test of Rooker-Feldman asks first whether Prophet's divorce proceeding in state court was a judicial proceeding, and second whether Prophet's claims before us are so inextricably intertwined with those state proceedings so as to make review of the claims an impermissible review of the state court proceeding. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993).
 
 
 4
 The first prong has been met: the Tippecanoe County Superior Court adjudicated the Prophets' divorce and entered a final judgment. The second requirement also is satisfied here. A claim is inextricably intertwined with a state-court judgment if it " 'succeeds only to the extent that the state court wrongly decided the issued before it. Where federal relief can be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.' " Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir.1990) (quoting Pennzoil, 481 U.S. at 25 (Marshall, J. concurring)). Because Prophet's injury alleged in his Sec. 1983 claim is so closely tied to the state court proceedings, we affirm the district court's dismissal of Prophet's claim.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 **
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record