Jarvis Lee TOLEFREE,
Plaintiff–Appellant,

v.

Richard D. CUDAHY, et al.,
Defendants–Appellees.

No. 94–2923.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 22, 1995.

Decided March 1, 1995.

Jarvis Lee Tolefree (submitted), pro se.

James B. Burns, Office of U.S. Atty., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

Mr. Tolefree filed suit in federal district court against a federal district judge and three members of this court. Tolefree was not represented by counsel, and asked leave to proceed in forma pauperis, that is, without paying a filing fee. The handwritten complaint is not lucid, but appears to charge that an adverse decision by the defendant district judge, affirmed on appeal by a panel of this court consisting of the three defendant circuit judges, violated the constitutional rights of the plaintiff, entitling him to relief under 42 U.S.C. § 1983. The suit is frivolous, not only because the bringing of a suit against judges is not a proper method of challenging their decisions, and not only because judges have absolute immunity from damages suits challenging their judicial acts, but also because the reach of section 1983 is limited to conduct under color of state law, and the defendants are *federal* judges. The district judge to which the suit was assigned therefore properly denied leave to proceed in forma pauperis and dismissed the suit. 28 U.S.C. § 1915(d).

So far, so good. But then the judge, without any explanation, granted the plaintiff's motion for leave to proceed in forma pauperis *on appeal.* The appeal was duly docketed, and Tolefree has now filed an incomprehensible handwritten brief captioned "Petition to the National Labor and Relation for the Labor Board to Review and Enforce All of Tolefree Precise in All of His Files and Lawsuit and Enforce All of Tolefree Afotiri Contracts in All of His Files Reason Violation of Tolefree Civil Rights Amed Broken Contract and Other."

The appeal is frivolous, and is dismissed. Our reason for writing an opinion in this frivolous case is to remind the district judges not to grant leave to proceed in forma pauperis on appeal to plaintiffs whom they have denied leave to proceed in forma pauperis, without a statement of reasons. *Johnson v. Gramley*, 929 F.2d 350 (7th Cir.1991). No doubt there are cases in which it is proper to grant leave to proceed in forma pauperis on appeal even though the suit has been dismissed as frivolous and leave to proceed in forma pauperis in the district court denied. The question whether the suit was indeed frivolous might be arguable. But such cases are rare. In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous. In such cases it is improper for the district judge to grant leave to proceed in forma pauperis on appeal. *Lucien v. Roegner*, 682 F.2d 625 (7th Cir.1982) (per curiam). True, neither the statute nor the appellate rule sets forth criteria for granting leave to proceed in forma pauperis on appeal, and the rule requires the judge to give reasons only if he denies leave. Fed.R.App.P. 24(a) (first paragraph). But it would make no sense for the judge to feel free to grant leave to take what he knows will be a frivolous appeal. This court can always override his decision to deny. Fed.R.App.P. 24(a) (third paragraph). All he does, therefore, by granting a motion to file a frivolous appeal is pile work on the court of appeals needlessly. We don't need that.

 Judges should give reasons for judicial acts that are not obviously correct or plainly within the scope of the judge's untrammeled discretion over managerial and other ministerial details of the judge's work. Far from being obviously correct or unreviewably discretionary, the granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory, *Lucien v. Roegner, supra,* and hence calls for explanation, however brief. We do not think the burden of explanation will be a heavy one, for there will be very few cases in which it is

proper to authorize an appeal even though the suit is frivolous.

AFFIRMED.