59 F.3d 58
 64 USLW 2036
 Brian VUKADINOVICH, Plaintiff-Appellant,
v.
Timothy E. McCARTHY, individually and as the former Sheriff
of Porter County; Porter County Sheriff's Department;
James A. Sarkisian, individually and as Deputy Prosecuting
Attorney of Porter County; et al., Defendants-Appellees.
 No. 93-1897.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 4, 1995.
Decided July 5, 1995.
 
 Brian Vukadinovich, Wheatfield, IN, pro se.
 Robert A. Welsh, Harris, Welsh & Lukmann, Chesterton, IN, Gregory J. Tonner, Spangler, Jennings & Dougherty, Merrillville, IN, James G. Clark, Asst. Atty. Gen., Office of the Atty. Gen., Indianapolis, IN, for Timothy E. McCarthy, Porter County Sheriff's Dept.
 Gregory J. Tonner, Spangler, Jennings & Dougherty, Merrillville, IN, James G. Clark, Asst. Atty. Gen., Office of the Atty. Gen., Indianapolis, IN, for James A. Sarkisian, Daniel R. Berning, State of Ind.
 James G. Clark, Asst. Atty. Gen., Office of the Atty. Gen., Indianapolis, IN, for Porter County Prosecutor's Office.
 William W. Kurnik, Kurnik, Cipolla & Barasha, Arlington Heights, IL, for David K. Lippens, William Collins, Valparaiso Police Dept.
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 The question presented by this appeal is whether the defendant in a frivolous civil rights suit, having obtained a judgment for attorney's fees, is entitled to recover the costs of collecting those fees if the plaintiff refuses to pay them. In Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), we upheld the award of $770 in attorney's fees and costs to some of the defendants and later tacked on another $101 for these defendants' costs of defending the fee award before us. The plaintiff refused to pay the $871 that he owed on these awards, forcing the defendants to garnish his wages. The defendants sought and received from the district court an award of $816 to compensate them for the legal expenses incurred in the garnishment proceeding. Vukadinovich appeals, arguing that such an award is unauthorized and that in any event the defendants failed adequately to prove the amount of their expense. The second argument need not detain us. The proof was adequate. The smaller the stakes, the less the required formality of proof. It would be absurd to require a litigant to incur a substantial expense in proving up a claim for only $816. In re Continental Illinois Securities Litigation, 962 F.2d 566, 570 (7th Cir.1992); Ordower v. Feldman, 826 F.2d 1569, 1576 (7th Cir.1987); Lenard v. Argento, 808 F.2d 1242, 1247 (7th Cir.1987); Heiar v. Crawford County, 746 F.2d 1190, 1204 (7th Cir.1984); Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1205 (10th Cir.1986). The proportioning of formality to stakes is a general principle of the law governing the proof of money claims, Knapp v. Eagle Property Mgmt. Corp., 54 F.3d 1272, 1281-82 (7th Cir.1995); Partington v. Broyhill Furniture Industries, Inc., 999 F.2d 269, 273 (7th Cir.1993), not anything special to awards of attorney's fees. Of course if the court had cut down a large claim to trivial size, the defendants might be complaining about a substantial loss. The stakes would be large, even though--indeed because--the award had been small. Cf. Adams v. Mathis, 752 F.2d 553 (11th Cir.1985) (per curiam); Francia v. White, 594 F.2d 778, 782 (10th Cir.1979). Here it is the party against whom fees were awarded who is complaining, and his total exposure is less than $1,000 in an era when $1,000 will buy you a sunroof for your car.
 
 
 2
 As to the district court's power to award any fees, however slight, in a case of this character: We have previously held that the presumptive entitlement of a prevailing plaintiff in a civil rights case to an award of reasonable attorney's fees (and related expenses) extends to the fees incurred by the plaintiff in attempting to collect the judgment, e.g., Balark v. Curtin, 655 F.2d 798, 803 (7th Cir.1981); cf. Leroy v. City of Houston, 906 F.2d 1068, 1085-86 (5th Cir.1990), since otherwise the objective of awarding attorney's fees in such cases, which is to encourage the filing of meritorious civil rights suits, would be impaired. The same thing ought to be true when the defendant is the prevailing party and obtains an award of attorney's fees, though we cannot find any case dealing with the question. It is true that a defendant in a civil rights suit can obtain an award of fees only if the suit is adjudged frivolous, Bisciglia v. Kenosha Unified School District No. 1, 45 F.3d 223, 227-28 (7th Cir.1995), whereas the plaintiff who wins such a suit obtains the award pretty much as a matter of course, along with the costs of defending the award on appeal. Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir.1994); Ustrak v. Fairman, 851 F.2d 983, 990 (7th Cir.1988). But the difference in standards has no direct bearing on the issue before us. When the defendant establishes an entitlement to fees, the award of the associated costs of collection becomes necessary to carry out the purpose of the entitlement, which is to discourage frivolous civil rights suits. Munson v. Milwaukee Board of School Directors, 969 F.2d 266, 269 (7th Cir.1992). That purpose would be thwarted if by refusing to pay the fee award the plaintiff could impose unreimbursable expenses on the defendant.
 
 
 3
 Our conclusion that a defendant who is entitled to an award of attorney's fees is also entitled to be reimbursed for the expense of collecting the award creates some, but we think not unbearable, tension with the principle that a defendant who has received a fee award because the plaintiff's suit was frivolous is not automatically entitled to an award of fees for successfully defending the initial award against the plaintiff's appeal. The defendant must show that the appeal was frivolous. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407-08, 110 S.Ct. 2447, 2461-62, 110 L.Ed.2d 359 (1990); Munson v. Friske, 754 F.2d 683, 698 n. 10 (7th Cir.1985); Bugg v. International Union of Allied Industrial Workers, 674 F.2d 595, 600-01 (7th Cir.1982); Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994). Not that the burden is a heavy one. Appeals from the dismissal of frivolous suits are usually themselves frivolous, so a defendant who obtained fees for defending against a frivolous suit in the district court will usually be entitled to fees on appeal as well. Tolefree v. Cudahy, 49 F.3d 1243 (7th Cir.1995); Lucien v. Roegner, 682 F.2d 625 (7th Cir.1982) (per curiam); Neidhardt v. D.H. Holmes Co., 701 F.2d 553, 555 n. 6 (5th Cir.1983). But not always. The question whether the suit was indeed frivolous may be an arguable one, or there may be a legitimate dispute over the amount of fees.
 
 
 4
 It could be argued, by analogy, that the defendant should not be entitled to recover the expense of collection proceedings unless the plaintiff's resistance to collection is frivolous. But there is an important difference. A party cannot be criticized for taking a nonfrivolous appeal from a judgment against him, but he can be criticized for forcing his opponent to resort to collection proceedings by refusing to pay or to agree to a payment scheme. Perhaps there are some exceptional cases where it would be considered unjust to shift the cost of such proceedings to the judgment defendant (in this case the plaintiff), but we can deal with them when they arise. This is not one. The record shows that the defendants resorted to garnishment after Vukadinovich refused to pay the award of attorney's fees voluntarily.
 
 
 5
 We are mindful that the shifting of attorney's fees has been held not to be a part of the federal common law. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 249, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). But this is in general, and the exception for frivolous suits is well established. Id. at 258-59, 95 S.Ct. at 1622. Vukadinovich's suit was frivolous, and the question is whether the fee-shifting authorized by the federal common law in such a case extends to the fees incurred in trying to collect the fees that the defendant was awarded for having to defend against the plaintiff's frivolous suit. We hold that it does. Here, moreover, since Vukadinovich's frivolous suit was a civil rights suit, 42 U.S.C. Sec. 1988 provides additional, or perhaps superseding, authority for the award of fees to the defendants. Remember that Balark authorizes the award under section 1988 of fees in proceedings to collect judgments for plaintiffs in civil rights suits, and, for the reasons that we have given, defendants should have the same entitlement when the suit is frivolous, the defendant is awarded attorney's fees, and postjudgment proceedings are necessary to collect those fees.
 
 
 6
 We have treated the issue as one of federal law, either common law or statutory (42 U.S.C. Sec. 1988), though Rule 69(a) of the Federal Rules of Civil Procedure, which governs collection proceedings in the federal courts, adopts whatever procedures are followed by the state courts in the state in which collection is sought, here Indiana, unless there is an applicable federal statute expressly regulating the execution of judgments. Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir.1993). Neither party has mentioned Indiana law, however, so we have approached the issue as one of federal law. Rule 69(a) is a choice of law provision, and choice of law, not being jurisdictional, is normally, see, e.g., Advance Concrete Forms, Inc. v. McCann Construction Specialties Co., 916 F.2d 412, 414 n. 4 (7th Cir.1990); Patton v. Mid-Continent Systems, Inc., 841 F.2d 742, 750 (7th Cir.1988), and we think here, waivable, although we cannot find any case in which the issue has been addressed. The issue is pretty academic, since we cannot find any Indiana cases, statutes, or rules of court bearing on the question whether a defendant who receives an award of attorney's fees should be entitled as a matter of course to reimbursement of the expense of collecting the fees.
 
 
 7
 There is a jurisdictional issue lurking here, however, unnoticed by the parties and the district court but, of course, not waivable. It is whether the district court's ancillary jurisdiction (now a part of its statutory "supplemental jurisdiction," 28 U.S.C. Sec. 1367) extends to a garnishment proceeding directed against a nonparty to the original proceeding, namely Vukadinovich's employer. We left the general issue of the scope of the supplemental jurisdiction with regard to actions to collect a judgment open in Argento v. Village of Melrose Park, 838 F.2d 1483, 1490 (7th Cir.1988). The other circuits to have addressed it are divided over it. Compare Sandlin v. Corporate Interiors, Inc., 972 F.2d 1212, 1216 (10th Cir.1992), and Skevofilax v. Quigley, 810 F.2d 378, 384-85 (3d Cir.1987) (en banc), with Berry v. McLemore, 795 F.2d 452, 455-56 (5th Cir.1986), and Thomas v. Peacock, 39 F.3d 493, 501 (4th Cir.1994), cert. granted, --- U.S. ----, 115 S.Ct. 1997, 131 L.Ed.2d 999 (1995). The Supreme Court may resolve the issue in Thomas, but we doubt that it will hold that garnishment proceedings are outside the supplemental jurisdiction. See Sandlin v. Corporate Interiors, Inc., supra, 972 F.2d at 1216. Only Berry holds that an action for garnishment requires an independent jurisdictional basis. Thomas was a suit against a shareholder of the primary defendant to pierce the corporate veil. The court expressly declined to address garnishment actions. 39 F.3d at 501 and n. 9. Garnishment is a standard, often essential, step in the collection of a judgment, and the party holding the judgment (here, unusually, the defendant) ought to be able to take this step without having to start a new lawsuit in a different court system.
 
 
 8
 Vukadinovich's other arguments are frivolous, as are his motions, which are denied. The judgment is
 
 
 9
 AFFIRMED.