73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Glen W. PROPHET, Plaintiff-Appellant,
v.
Mary Lou PROPHET and Tippecanoe County Superior Court,
Defendants-Appellees.
 No. 95-1365.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 22, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Glen W. Prophet filed a pro se civil rights action against his former wife, Mary Lou Prophet, and the state court that approved her petition for divorce and ruled that each party keep those personal possessions presently in their possession. Plaintiff claims that these proceedings, which took place during his incarceration at the Pendleton State Reformatory, violated his constitutional rights. Plaintiff appeals from the district court's order dismissing his action as frivolous under 28 U.S.C. Sec. 1915(d).[1]
 
 
 2
 We review the district court's Sec. 1915(d) dismissal for abuse of discretion, affording an appellant's pro se pleadings a liberal construction. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court may dismiss a complaint under Sec. 1915(d) only when "satisfied that the action is frivolous or malicious." 28 U.S.C. Sec. 1915(d). A complaint is frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 Plaintiff's complaint, filed pursuant to 42 U.S.C. Sec. 1983, alleged violations of his constitutional rights under the first, fifth, sixth, and fourteenth amendments. The gist of his complaint is that an alleged conspiracy between his former wife and the state court caused the entry of judgment against him contrary to merit and law. To the extent that plaintiff's claim seeks to undo the state court's decision dividing the parties' marital assets, Rooker-Feldman bars his claim.[2] This doctrine provides that a federal court, other than the Supreme Court, lacks jurisdiction to review issues "inextricably intertwined" with final state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Wright v. Tackett, 39 F.3d 155 (7th Cir.1994). See 28 U.S.C. Sec. 1257(a) (allowing review of final state court judgments by writ of certiorari to the United States Supreme Court).[3] Assuming, however, that plaintiff's alleged conspiracy claims--as liberally interpreted--are not barred by Rooker-Feldman, see Nesses v. Shepard, 68 F.3d 1003 (7th Cir.1995), those claims were properly dismissed on other grounds.
 
 
 4
 In order to state a claim under Sec. 1983, a plaintiff must allege state action or that the alleged deprivations were carried out under color of state law. See 42 U.S.C. Sec. 1983; Crane v. Logli, 992 F.2d 136, 138 (7th Cir.), cert. denied, 114 S.Ct. 245 (1993). The district court found that plaintiff's allegations against his former wife were deficient. Plaintiff argues that this finding was erroneous because--under Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)--state action is shown in his claim that Mary Prophet "conspired" with the court to deprive him of his property. He contends that a conspiracy is shown by the fact that the court accepted Mary's perjurious testimony, and because the court granted--without considering his incarceration status--each party the property within his or her possession.
 
 
 5
 Although Adickes acknowledged that private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of Sec. 1983 actions, it significantly noted that one does not become a "state actor" merely by resorting to the courts and being on the winning side of a lawsuit. Id. at 152; Cf. Nesses, 68 F.3d at 1004 ["We do not think the preclusive effect of a prior judgment can be avoided by the facile expedient of claiming that the judge was a cat's paw of the winning party's lawyers,...."]. Moreover, private use of state law results in Sec. 1983 liability only where the statute is unconstitutional. See Wyatt v. Cole, 504 U.S. 158, 161-62 (1992). Plaintiff's unsubstantiated perjury allegations also fail to state a claim under Sec. 1983. Briscoe v. La Hue, 460 U.S. 325, 329 (1983) (disallowing recovery of damages under Sec. 1983 against a private party for alleged perjurious testimony). Hence, plaintiff's conclusory allegations that the defendants conspired to deprive him of his property fail to show that Mary is a state actor for purposes of a Sec. 1983 claim.
 
 
 6
 We also reject plaintiff's claim that the Tippecanoe County Superior Court is liable because the alleged constitutional deprivation was caused by a "policy, statement, ordinance, regulation, or decision ... by (the county's) officer." (Def.'s Br. at 8). The district court correctly held that this defendant is absolutely immune from Sec. 1983 liability. Kincaid v. Vail, 969 F.2d 594, 600 (7th Cir.1992), cert. denied sub nom., Sceifers v. Vail, 113 S.Ct. 1002 (1993). Plaintiff's arguments regarding unconstitutional policies or decisions would apply only if he were attempting to hold a municipality liable. See Monell v. Dept. of Social Servs., 436 U.S. 658, 690-91 (1978).
 
 
 7
 Having reviewed plaintiff's complaint and arguments on appeal, we agree that his civil rights complaint lacks any basis in fact or law for relief in this court. Accordingly, the district court did not abuse its discretion in dismissing the claims as frivolous under Sec. 1915(d). See Health Cost Controls v. Skinner, 44 F.3d 535, 537 (7th Cir.1995) (a claim purporting to rest on a federal law may be dismissed by the district court for lack of subject matter jurisdiction when the claims are frivolous); Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993) (finding claim frivolous where plaintiff failed to sufficiently plead the elements of his claim). Accordingly, we AFFIRM the district court's judgment.
 
 
 
 *
 No briefs were filed by the appellees. After preliminary examination of Appellant's brief, the court notified Appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that Appellant could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement was filed. Accordingly, the appeal is submitted on Appellant's brief and the record
 
 
 [1]
 We remind the district court that where a plaintiff is not allowed to proceed in forma pauperis before the district court, the district court should give reasons for approving plaintiff's petition to proceed IFP on appeal. Tolefree v. Cudahy, 49 F.3d 1243, 1244 (7th Cir.1995)
 
 
 [2]
 Plaintiff filed a similar suit in 1994 that was dismissed under Sec. 1915(d) based on the fact that Rooker-Feldman barred the district court's jurisdiction. See Prophet v. Prophet, 30 F.3d 136, 1994 WL 319149 (7th Cir.) (unpublished). Plaintiff maintains that this appeal was dismissed because it was based on "incorrect grounds." (Def.'s Br. at 3). Plaintiff now attempts to get around this prior dismissal by stating that this appeal is based on proper grounds in that it is strictly based on "Constitutional allegations." Plaintiff's attempt is unsuccessful; his appeal is frivolous. See 28 U.S.C. Sec. 1915(d)
 
 
 [3]
 Plaintiff argues that the district court's reliance on the Rooker-Feldman doctrine was an error because he had already exhausted his state remedies. Noting that the state supreme court refused to accept his claim, plaintiff argues that the appellate court decision is final and thus that he has exhausted his state remedies. Plaintiff misunderstands that Rooker-Feldman bars an attack on the state-court judgment in federal court, other than the Supreme Court, regardless of exhaustion of state remedies