76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff-Appellant,
v.
T. Edward PAGE, et al., Defendants-Appellees.
 No. 94-2998.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 24, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Marshall Jackson, a prisoner in Indiana, moved to proceed in forma pauperis on his complaint under 42 U.S.C. § 1983, alleging that his public defender, her supervisor, the prosecutor and the judge at his state hearing for post-conviction relief conspired against him to deny him various constitutional rights and to assure the denial of his claim. Jackson's complaint sought only declaratory and injunctive relief. The district court denied Jackson's motion as frivolous pursuant to 28 U.S.C. § 1915(d). Because we hold that the district court lacked subject matter jurisdiction to hear Jackson's claims, we affirm.
 
 Facts
 
 2
 Marshall Jackson was convicted in Indiana of felony murder in June, 1980 and is currently serving a sixty year sentence. Both the Indiana Court of Appeals, Jackson v. Indiana, 426 N.E.2d 685 (Ind.Ct.App.1981), and the Indiana Supreme Court, Jackson v. Indiana, 446 N.E.2d 344 (Ind.1983), affirmed his conviction. In June, 1988, Jackson filed a petition for state post-conviction relief ("PCR").
 
 
 3
 Five years later, Jackson's PCR petition had not yet been heard, due solely to delay in the Indiana courts. On December 13, 1993, Jackson filed a petition for a writ of habeas corpus in federal district court, claiming that Indiana's five year delay in hearing his PCR claim violated his due process and equal protection rights. On February 10, 1994, the district court issued an order giving Jackson two weeks in which to show that Indiana's delay prejudiced him in bringing a valid claim warranting reversal of his conviction. Jackson v. Duckworth, 844 F.Supp. 460 (N.D.Ind.1994). To forestall action by the federal courts, Indiana set a hearing on Jackson's PCR petition for April 21, 1994.
 
 
 4
 We accept as true the following facts as alleged in Jackson's complaint. Jackson was dissatisfied with the performance up to this point of the Public Defender's Office. Kimberly Speer was the latest of five different attorneys assigned to represent Jackson in his PCR petition, and Jackson felt she was unprepared. Accordingly, prior to his PCR hearing, Jackson stated his desire to "fire" Speer and proceed pro se.
 
 
 5
 At his PCR hearing, Jackson informed Lake County Superior Court Magistrate T. Edward Page that his wished to fire Speer and proceed pro se. According to Jackson, Page "displayed great animosity towards [him] for filing the [petition for a writ of] habeas corpus in federal court." Page allowed Jackson to fire Speer, but then summarily dismissed Jackson's PCR claim for failure to prosecute. A bailiff removed Jackson to a holding cell while Page, Speer, and the prosecutor, Mark Ryan, conferred.
 
 
 6
 A few minutes later, the bailiff returned Jackson to the courtroom. Page informed Jackson that he would reinstate the latter's case, but that he would not allow Jackson to appear pro se. The case then proceeded with Speer representing Jackson. Although Jackson never explicitly states, the state court apparently denied his PCR petition.
 
 
 7
 Jackson then filed this suit under 42 U.S.C. § 1983, claiming, among other things, that he was denied his right to self-representation; that Page, Speer, Ryan, and Susan Carpenter (the head of the Public Defender's Office) conspired to assure the denial of his PCR petition in retaliation for his filing of the prior petition for a writ of habeas corpus; and that he was the victim of an ex parte proceeding during the time he was removed from the courtroom. By way of relief, Jackson requested a declaratory judgment that the defendants violated his right to self representation, a declaratory judgment that the defendants conspired to deny his PCR petition, an injunction requiring the state to retry his PCR claim, and injunctions ordering the defendants to disqualify themselves from all future judicial proceedings concerning the plaintiff and to otherwise refrain from retaliating against him in any way. Jackson also requested "such other relief as the court deems just and proper...." In his Motion to Alter or Amend Judgment, Jackson made clear that he was seeking only declaratory or injunctive relief and not money damages.
 
 
 8
 The district court denied Jackson's motion to proceed in forma pauperis as frivolous pursuant to 28 U.S.C. § 1915(d). This appeal followed.
 
 Analysis
 
 9
 Initially, there was some question as to whether Jackson filed his Notice of Appeal within thirty days of the entry of the judgment appealed from. If Jackson did not timely file his Notice of Appeal, this court would lack appellate jurisdiction. Fed.R.App.P. 4(a). Jackson then filed a Jurisdictional Memorandum--supplemented by his affidavit and a copy of his prison mail log--indicating that within thirty days of the entry of judgment he gave his Notice of Appeal to prison officials for deposit in the U.S. mail. A prisoner who does not have a lawyer is deemed to file his notice of appeal from an adverse judgment when he delivers the notice to the prison authorities for deposit in the mail. Fed.R.App.P. 4(c). Accordingly, we hold that we have jurisdiction to hear this appeal.
 
 
 10
 Having determined that we have jurisdiction over Jackson's appeal, however, we need not reach the merits of this appeal because we hold that the federal district court lacked subject matter jurisdiction to hear Jackson's § 1983 suit. Accordingly, the district court's dismissal of Jackson's motion was proper.
 
 
 11
 The thrust of Jackson's complaint--and certainly the relief he seeks--is to have the federal district court review and reverse the judgment of the Indiana state court. Under the Rooker-Feldman doctrine, federal district courts have no jurisdiction to review state court determinations. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). It does not matter that Jackson presents his claim as one for civil rights violations. A plaintiff may not sidestep the jurisdictional rule of the Rooker-Feldman doctrine simply by casting his complaint in the form of a federal civil rights action. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994). Instead, Jackson should have sought review of the state court's decision in the United States Supreme Court. Wright v. Tackett, 39 F.3d 155, 157-58 (7th Cir.1994), cert. denied, 115 S.Ct. 1100 (1995).
 
 
 12
 Nor does it matter that Jackson alleges that the Indiana court procedures were tainted by constitutional errors. The injuries Jackson complains of stem "from the state judgment--an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless." GASH Assoc. v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir.1993); see also Ritter, 992 F.2d at 751-52. If Jackson believes that the Indiana court improperly rejected a meritorious claim for post-conviction relief out of some punitive or retaliatory motive and that he is in custody in violation of the Constitution, his remedy is not a § 1983 suit to set aside the state court judgment; rather, after exhausting his state court remedies, he may file a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.
 
 
 13
 To the extent that Jackson asked the district court to review the state court proceedings, either by ordering a new trial or by issuing declaratory judgments, the Rooker-Feldman doctrine denied jurisdiction to the district court. These claims are so "inextricably intertwined with the state court's denial in a judicial proceeding," that the federal court is "in essence being called upon to review the state-court decision. This the district court may not do." Feldman, 460 U.S. at 483-84 n. 16. See also Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729 (7th Cir.1994), cert. denied, 115 S.Ct. 62 (1994); Leaf v. Supreme Court of Wisconsin, 979 F.2d 589 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). Thus, the district court lacked jurisdiction to hear Jackson's § 1983 suit, and properly dismissed his motion to proceed in forma pauperis as frivolous.
 
 
 14
 One final comment is in order. The district court denied Jackson leave to pursue his complaint in forma pauperis, but then granted his motion to proceed in forma pauperis on appeal. We reiterate what we said in Tolefree v. Cudahy, 49 F.3d 1243 (7th Cir.1995); district courts should not grant leave to proceed in forma pauperis on appeal to plaintiffs whom they have denied leave to proceed in forma pauperis, without a statement of reasons.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The appellees filed Notices of Non-Involvement in this appeal. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the appellant's brief and the record