288

Fernando FONTANEZ, Plaintiff–
Appellant,

v.

TIME WARNER CABLE, et al.,
Defendants–Appellees.

No. 15–2572.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 22, 2015.*

Decided Sept. 25, 2015.

Fernando Fontanez, Chicago, IL, pro se.

### ORDER

Fernando Fontanez has filed over a dozen suits in the last decade alleging that various government actors, media outlets, and others have been conspiring to film him secretly, profit from his likeness, assault and murder him, and plot against the United States. *See, e.g., Fontanez v. Illinois,* No. 06 C 6997, 2007 WL 187984, at *4 (N.D.Ill. Jan. 18, 2007). These frivolous suits, along with threats from Fontanez, led to a two-part order from the Executive Committee of the Northern District of Illinois. One part instructs the court's clerk to return unfiled any papers that Fontanez submits to that court. The other bans Fontanez from the courthouse without a U.S. Marshal escort.

Fontanez circumvented these restrictions by filing this current suit in the Eastern District of Wisconsin, naming as defendants Time Warner Cable, CBS News and one of its news anchors, and his former neighbor. He alleges that the defendants stole his identity by filming him without his permission, profited from his likeness (which, he boasts, is worth billions of dollars based on stunts that he performed dressed as Batman), and plotted to manipulate his thoughts and murder him. Fontanez, however, dedicates most of his complaint and supplemental filings to his larger conspiracy theory: the defendants helped orchestrate the terrorist attacks of September 11, 2001, and engaged in other seditious acts against the United States.

The case appropriately was short-lived. A magistrate judge, adjudicating the case with Fontanez's consent, granted his motion to proceed in forma pauperis, but then dismissed his suit as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Fontanez's allegations are frivolous as "wholly incredible, delusional, and borderline malicious," the judge explained, and suing under statutes without a private cause of action fails to state a claim.

The district court's decision to dismiss is correct. Fontanez's allegations—that the media is conspiring to film him secretly as part of an ongoing, far-reaching conspiracy to organize terrorist attacks—are paranoid ravings. The complaint, like his many others, and this appeal are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

Fontanez's practice of frivolous litigation must end. The magistrate judge granted Fontanez's request to proceed in

---

* The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R.APP. P. 34(a)(2)(C).

forma pauperis in the district court, but the judge did not revoke that status when Fontanez filed his notice of appeal, despite concluding that the complaint was frivolous. *See* 28 U.S.C. § 1915(a)(3). Ordinarily permission to proceed in forma pauperis before the district court likewise permits the party to proceed in forma pauperis on appeal. *See* FED. R.APP. P. 24(a)(3). But because the district court found that Fontanez's suit was frivolous, it should have certified that his appeal was taken in bad faith and revoked the order authorizing Fontanez to proceed in forma pauperis on appeal. *See Moran v. Sondalle*, 218 F.3d 647, 651–52 (7th Cir.2000); *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir.2000); *see also Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir.1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.").

Although Fontanez received a temporary break, his abuse of the judicial process shall go no further. Because he has pursued a frivolous appeal, under FED. R.APP. P. 38, we order Fontanez to show cause within 14 days why this court should not sanction him with a fine of $500 plus the fee for filing a complaint in the district court ($400) and the fee for filing an appeal in this court ($505), the nonpayment of which may lead to a circuit-wide filing bar under *In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir.2007), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir.1995).

**AFFIRMED.**

* The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R.APP. P. 34(a)(2)(C).