**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAMELA A. RAY,

     Plaintiff - Appellee,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA, a Maine
corporation,

     Defendant - Appellant.

No. 01-1466

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-WY-556-WD)**

---

Mark E. Schmidtke (Sandra L. Spencer, White and Steele, P.C., Denver, Colorado with him on the briefs), Hoeppner Wagner & Evans, L.L.P., Valparaiso, Indiana for the Defendant-Appellant.

James A. Cederberg, Buchanan, Jurdem & Cederberg, P.C., Denver, Colorado for the Plaintiff-Appellee.

---

Before **HENRY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

---

**LUCERO**, Circuit Judge.

This case lies at the intersection of evolving circuit jurisprudence on judicial review of employee disability claims under the Employee Retirement Income Security Act ("ERISA"). Pamela A. Ray, a partner at a national law firm, filed suit against UNUM Life Insurance Company of America ("UNUM") under ERISA, 29 U.S.C. § 1132, seeking long-term disability benefits pursuant to her firm's disability plan. After a bench trial, the United States District Court for the District of Colorado granted judgment in favor of Ray on the ground that UNUM's decision to deny her claim for benefits was arbitrary and capricious. We must address whether the district court applied the correct standard of judicial review to UNUM's benefits determination. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand for further proceedings.

## I

Ray was a partner in the law firm of Gibson, Dunn & Crutcher from 1982 until 1994, handling large-scale real estate transactions. Gibson, Dunn & Crutcher sponsored an employee disability benefits plan ("Plan") governed by ERISA and funded, in part, by a Group Long Term Disability Insurance Policy issued by UNUM. Ray participated in the Plan.

Under the terms of the Plan, when UNUM receives proof that an insured is disabled, it will pay monthly disability benefits to the insured for the period of

disability.[1]  An insured is disabled if he or she can not perform each of the material duties of his or her regular occupation—for attorneys, "regular occupation" denotes the speciality[2] practiced by the attorney before the disability ensued.

In the winter of 1993, Ray began to experience symptoms that she reported as including a dry cough, sinus headaches, and fatigue.  We are told her symptoms worsened while she was at the law firm's office and improved when she was away from the office.  According to Ray, her fatigue and headaches were severe by the

[1]  The Plan provides, in pertinent part:
> When the Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period.  The benefit will be paid for the period of disability if the insured gives to the Company proof of continued:
>> (1) disability; and
>> (2) regular attendance by a physician.

The Plan defines "disability" and "disabled" as follows:
> "Disability and "disabled" mean that because of injury or sickness the insured cannot perform each of the material duties of his regular occupation.
> Note: For attorneys, "regular occupation" means the specialty in the practice of law which the insured was practicing just prior to the date disability started.

(1 Appellant's App. at 263–65.)

[2]  The question of whether "major transaction real estate mining and oil and gas lawyer [sic]" is a recognized specialty under the Plan, or otherwise, has not been presented to us. (Appellee's Br. at 35.)  We do not reach the issue.

end of the work week. Ray sought medical care from various physicians and underwent multiple diagnostic tests. She also attempted to alleviate her condition at work by using an air filter in her office, switching offices in the same building, and switching to a different and temporary office building. Ray also tried to work at home, but claims she was unable to conduct her practice as a "large-scale" real estate attorney away from the office. In June of 1994, Ray filed a claim with UNUM for long-term disability benefits. Her claim was based on an inability to continue working because of "severe fatigue, headaches, dizziness, chest pain, [and] allergic reaction to chemicals." (Appellee's Br. at 10.)

Acting on Ray's claim for benefits, UNUM requested medical records from Ray's treating physicians, consulted with a UNUM physician, met in person with Ray, and interviewed the managing partner at her law firm. On November 30, 1994, UNUM denied Ray's claim for disability benefits, primarily because it found that Ray retained the functional capacity to work as a real estate lawyer, at least at home or in other locations.

Ray thrice appealed UNUM's decision. With her second appeal, Ray included additional material to supplement her claim and also inquired into what further information she could provide to assist UNUM in its decision. UNUM referred Ray's claim for further medical review, and brought her benefits up to date while continuing its investigation. UNUM proceeded to conduct

surreptitious video surveillance while reevaluating her medical condition; according to UNUM, the video showed Ray consistently engaging in physical activities including entering various buildings, driving, running errands, and working at a five-day alpaca convention. UNUM thereafter denied her second appeal on July 19, 1996. After Ray's third appeal, another UNUM physician reviewed her claim, recommended a multi-disciplinary review of all her medical records, and suggested an evaluation by the University Disability Consortium ("UDC") in Boston. UNUM thereafter sought medical review from a three-physician panel and offered Ray an in-person independent medical examination by the UDC.

Ray declined UNUM's offer to send her to Boston and filed suit on March 19, 1997, challenging UNUM's decision to deny her claim for benefits. On September 5, 1997, the parties filed cross-motions for summary judgment, which were denied. Via telephone status conference, the district court ordered the parties to submit "findings of fact and conclusions of law" for the purposes of a bench trial (3 Appellant's App. at 1028), to be conducted pursuant to an arbitrary and capricious standard of judicial review. Following a bench trial, the district court held that UNUM's decision to deny Ray's claim was arbitrary and capricious. Finding a conflict of interest, indicia of bad faith and a lack of substantial evidence to support UNUM's decision, the district court concluded

that Ray was entitled to disability benefits under the Plan. UNUM appeals, arguing that the district court misapplied the arbitrary and capricious standard, and that given the correct amount of deference, its decision to deny Ray benefits must be upheld.

## II

Of primary importance is whether the district court erred in applying the arbitrary and capricious standard of judicial review. A district court's determination of the proper standard to apply in its review of an ERISA plan administrator's decision is a legal conclusion we review de novo. Hoover v. Provident Life & Accident Ins. Co., 290 F.3d 801, 807 (6th Cir. 2002); see also Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1189 (10th Cir. 1999) ("We review the district court's decisions on questions of law . . . de novo.")

## A

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), sets forth the appropriate standard of review in actions challenging the denial of benefits under an ERISA plan: "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." When an ERISA plan gives the administrator discretionary powers, the district court reviews the administrator's

decisions under an arbitrary and capricious standard.  See, e.g., Pitman v. Blue

Cross & Blue Shield of Okla., 217 F.3d 1291, 1295 (10th Cir. 2000);  Sandoval v.

Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992).   Thus, only if the

Plan confers discretion on UNUM either to interpret the terms of the Plan or find

facts relating to a claimant's disability is an arbitrary and capricious standard of

review appropriate under Firestone.

The district court employed the arbitrary and capricious standard in its

review of UNUM's decision but unfortunately did not shed light on where in the

Plan it found UNUM's discretionary powers.   Our recent decision in Nance v.

Sun Life Assurance Co. of Can., 294 F.3d 1263 (10th Cir. 2002), handed down

after the filing of appeal briefs in the present case, clarifies what language

confers discretion on a plan administrator.  In Nance, we distinguished plan terms

that require submission of "satisfactory proof" from those that require submission

of "proof satisfactory to [plan administrator]."  Id. at 1267–68 (emphasis added).

We held that language requiring proof "satisfactory to [plan administrator]

suffices to convey discretion to a plan administrator.  Id. at 1268.  On the other

hand, requiring satisfactory proof alone, without specifying who must be satisfied,

does not vest a plan administrator with discretion.  Rather, it merely indicates that

proof of disability must satisfy some objective criteria.  Id. at 1267.   Although

Nance did not present the precise issue of whether the plan terms in the instant

- 7 -

case suffice to convey discretion to a plan administrator, the analytical framework employed in <u>Nance</u> makes clear that they do not. Given that the Plan in the present case solely requires a claimant to submit to UNUM "proof" of disability, it did not vest UNUM with discretionary power under our analysis in <u>Nance</u>. Absent such a grant of discretion, UNUM's decision regarding Ray's claim for benefits should have been reviewed de novo by the district court.

We recognize that the parties did not raise the issue of whether UNUM had discretionary authority over Ray's claim either before the district court or in their appeal briefs.[3] As best we can tell from the record, both the parties and the court simply accepted that UNUM's decision was entitled to deferential review without delving into the reason or basis for this assumption. A footnote in Ray's appellate brief obliquely mentions that the Plan does not contain broad discretionary language but the requirement of "proof" in the Plan "has been assumed to bring this case within the 'arbitrary and capricious' standard of review." (Appellee's Br. at 38.) Ray brought the standard of review issue to our attention for the first time when she listed <u>Nance</u> in her Citation of Supplemental Authorities. Following discussion of <u>Nance</u> at oral argument, we ordered the

---

[3] Ray's complaint requests "trial de novo of the merits" of her claim, but in the next paragraph alleges that UNUM's actions were arbitrary and capricious. (1 Appellant's App. at 14.) Nowhere in the record does Ray develop whether UNUM does or does not have discretionary power under the Plan.

parties to submit supplement briefs addressing what effect, if any, <u>Nance</u> should have on our disposition of this appeal.

In its supplemental brief, UNUM argues that <u>Nance</u> should not affect our review because "[u]nder the doctrines of invited error and/or waiver, Plaintiff is now barred from challenging the standard of review applied by the district court." (Appellant's Supp. Br. at 1.) Ray argues that we should exercise our discretion and "apply <u>Nance</u> even though the standard of review was not challenged in the district court." (Appellee's Supp. Br. at 2.)

First, UNUM's invited error argument is misplaced. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." <u>Zink Co. v. Zink</u>, 241 F.3d 1256, 1259 (10th Cir. 2001) (citation omitted). There is no evidence that on appeal Ray reverses a position she took at trial or that Ray induced the district court to apply an arbitrary and capricious standard; we do not see in the record even the slightest debate about which standard of review is appropriate. UNUM argues that Ray strategically accepted an arbitrary and capricious standard in order to limit the district court's review to the administrative record. We decline to speculate on which standard of review—de novo or abuse of discretion—would be most beneficial to Ray; we do remain convinced that it is our recent decision in <u>Nance</u> that controls the present posture of this case.

Second, UNUM's waiver argument is unavailing. Generally, a party's failure to raise an issue in the district court precludes its review on appeal. Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1271 (10th Cir. 2000) ("When an issue has not been properly raised below, to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum . . . where secondary, back-up theories may be mounted for the first time." (quotation omitted)); Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 n.3 (10th Cir. 1992). However, an intervening change in the law permits appellate review of an issue not raised below. Gray, 971 F.2d at 593 n.3. We also have held that where the issue is purely a matter of law and its proper resolution is certain, we may consider it. Proctor & Gamble, 222 F.3d at 1271; see also Petrini v. Howard, 918 F.2d 1482, 1483 n.4 (explaining that an issue would be considered in reversing a judgment where it involves a question of law, the proper resolution of which is beyond reasonable doubt, and failure to address it would result in a miscarriage of justice). In the instant case, the correct standard of review of UNUM's benefits decision is a question of law and our recent decision in Nance makes its resolution certain. Thus, we exercise our discretion to consider the issue on its merits. We do not expect a trial court to gaze into a crystal ball to predict our decisions, but de novo review of Ray's claim is the proper legal standard, and this case should proceed on that basis.

**B**

Our foregoing conclusion requires us to decide whether we should conduct de novo review or remand to the district court for that purpose. Although we have yet to address the matter, our sibling courts of appeals in the Fourth, Sixth, and Ninth Circuits have recently been confronted with similar situations in ERISA cases. See Gallagher v. Reliance Standard Life Ins. Co., No. 01-2467, 2002 WL 31115606, at *3, *7 (4th Cir. Sept. 25, 2002) (holding that the district court should have conducted de novo review but concluding after de novo review that the claimant failed to submit objectively satisfactory proof of disability); Hoover v. Provident Life & Accident Ins. Co., 290 F.3d 801, 808 (6th Cir. 2002) (concluding that although district court erroneously used an arbitrary and capricious standard, remand was unnecessary because the necessary result under the de novo standard is same as that reached by the district court); Grozs-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1162 (9th Cir. 2001) (same).

Our judgment is guided by our recent decision in Hall v. UNUM Life Ins. Co. of Am., 300 F.3d 1197 (10th Cir. 2002). In Hall, we examined the proper scope of review in de novo ERISA cases, specifically addressing whether a district court conducting de novo review is confined to the administrative record in reviewing the decision of the fiduciary. Id. at 1201; cf. Sandoval, 967 F.2d at 380–81 (holding that federal courts are limited to the administrative record when

reviewing a plan administrator's decision for abuse of discretion).  We held in

Hall that

> the best way to implement ERISA's purposes in this context is
> ordinarily to restrict de novo review to the administrative record, but
> to allow the district court to supplement the record when
> circumstances clearly establish that additional evidence is necessary
> to conduct an adequate de novo review of the benefit decision.

300 F.3d at 1202 (quotation omitted).  Although our holding was based, at least in

part, on our desire to preserve employees' pre-ERISA substantive rights in those

circumstances where supplementation is relevant and necessary, we acknowledged

that supplementation may be warranted in order to protect the plan administrator.

Id. at n.3.

By utilizing an arbitrary and capricious standard, rather than a de novo

standard, the district court in the case at issue necessarily did not consider

evidence outside the administrative record.  For example, the district court found

that the three-physician panel report (consisting of specialists in internal

medicine, allergies, and psychiatry) issued by the UDC was not part of the record,

and consequently did not consider it.  This being the situation, and given our

decision that we can not conduct adequate de novo review at this level (as have

other circuits, named above) without the benefit of such additional report and/or

other further medical reports, we must remand.  Our remand allows the district

court to consider such additional evidence as in its discretion it finds necessary

for adequate de novo review, including court-appointed expert reports if it determines them helpful.

## III

The district court's opinion is **REVERSED** and the matter is **REMANDED** for further proceedings consistent with this opinion.