**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TED RALL,

       Plaintiff-Appellant,

v.

AETNA LIFE INSURANCE
COMPANY,

       Defendant-Appellee.

No. 13-1213
(D.C. No. 1:12-CV-00184-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Ted Rall appeals from the district court's order affirming Aetna Life Insurance

Company's denial of his claim for long-term-disability (LTD) benefits under a group

employee benefits plan governed by the Employee Retirement Income Security Act

of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.  Mr. Rall asserts that the district court

failed to properly consider Aetna's inherent conflict of interest and that there was not

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantial evidence to support Aetna's decision. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Rall was a customer service representative for Teachers Insurance and Annuity Association of America (TIAA). TIAA provided LTD and short-term-disability (STD) benefits to its employees through its benefits plan. In administering the plan, TIAA purchased an insurance policy from Aetna to fund the plan and delegated to Aetna responsibility for making benefits decisions.

Mr. Rall has suffered from mental illness. He left work on February 21, 2011, after decompensating and being in a suicidal state. He applied for STD benefits, which Aetna approved from February 28 to August 28, 2011. After STD benefits ended, Aetna transferred the claim to the LTD benefits department. Aetna requested additional information from Mr. Rall on September 1 and 13 and October 17. Although he provided some additional medical information, Aetna denied LTD benefits on October 31, finding that the medical evidence showed "no cognitive, emotional, or behavioral impairments" precluding Mr. Rall from working. Aplt. App. at 125.

Mr. Rall pursued an administrative appeal. Aetna placed the appeal on hold for a short time to allow Mr. Rall time to provide additional medical information. It then retained Dr. Elana Mendelssohn, a psychologist, to review the medical records and to conduct a peer-to-peer review with Mr. Rall's therapist, Lori L. Frey, a licensed professional counselor. Dr. Mendelssohn concluded that the medical

- 2 -

evidence did not show that Mr. Rall had an impairment in or a decline of functioning. On January 11, 2012, Aetna relied on Dr. Mendolssohn's conclusions to uphold the denial of LTD benefits on the ground that there was insufficient medical evidence to support disability.

Mr. Rall sought review of that decision in the district court. After both parties moved for judgment on the administrative record, the court granted Aetna's motion, upholding the denial of LTD benefits. The court gave Aetna's conflict of interest (as both payor and decisionmaker) minimal weight in reviewing for abuse of discretion, and it found substantial evidence to support Aetna's determination that the medical records were not sufficient to show disability. Mr. Rall appeals.

Rather than review the district court's decision, we review Aetna's decision to deny benefits to Mr. Rall. *See Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1231 (10th Cir. 2012). The parties agree that our review is under an arbitrary-and-capricious standard because the plan gave Aetna discretionary authority to determine eligibility for benefits. *See id*. at 1231-32; *see also id*. at 1231 (abuse-of-discretion standard and arbitrary-and-capricious standard are interchangeable in ERISA cases). But the parties do not agree on how much deference to give Aetna's decision.

According to Mr. Rall, the district court gave Aetna too much deference because it failed to properly consider Aetna's inherent conflict of interest as both the

plan's insurer and decisionmaker.[1]  *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (conflict of interest arises when same entity pays and determines eligibility for benefits).  Because, as Aetna concedes, it had an inherent conflict of interest, "we must weigh the conflict as a factor in determining whether there was an abuse of discretion, according it more or less weight depending on its seriousness," *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1202 (10th Cir. 2013) (internal quotation marks omitted).  We will give the conflict more weight "when circumstances suggest a higher likelihood that it affected the benefits decision" and less weight "when the conflicted party has taken active steps to reduce potential bias and to promote accuracy."  *Id.* (internal quotation marks omitted).

Mr. Rall contends that when assessing the weight of the conflict of interest, the district court should have considered Aetna's disregard of its prior award of STD benefits and its rationale for awarding STD benefits.  He asserts that Aetna "barely acknowledged" the opinion of Dr. Leonard Schnur, the psychologist hired by Aetna at the STD-benefits stage to review Mr. Rall's medical records, even though Dr. Schnur's July 16, 2011, report came after the July 6 treatment note of Dr. Elishia Oliva, Mr. Rall's psychiatrist, which Aetna relied on "heavily" when denying LTD benefits.  Aplt. Br. at 20.  We disagree.  Aetna's approval of STD benefits did not

---

[1]      We note that throughout the argument portion of his brief, Mr. Rall fails to cite to his appendix to support factual assertions.  *See* Fed. R. App. P. 28(a)(8)(A) (requiring citation to "parts of the record on which the appellant relies").  Because of that failure, we could properly refuse to consider much of his argument.

guarantee approval of LTD benefits. In considering whether to approve LTD benefits, Aetna properly requested that Mr. Rall provide current medical information to support his claim. Yet he largely failed to do so. As for Dr. Oliva's July 6 treatment note, it had not been received by Aetna at the time of the STD benefits approval. And it was appropriate for Aetna to give it weight because it was the last treatment note by Dr. Oliva available to Aetna and it did not indicate disability. Although Aetna did not contact Dr. Oliva for further comment, Mr. Rall had specifically requested that Aetna not contact her. Also, contrary to Mr. Rall's assertion, the record shows that Aetna *did* consider Dr. Schnur's review, which included his finding that he could not substantiate a functional impairment after July 16, 2011.

Mr. Rall further argues that the district court ignored or minimized procedural irregularities, which "may be evidence of conflicted decision making." Aplt. Br. at 20. First, he contends that without seeking the opinion of a mental-health specialist, Aetna made a medical judgment in its initial denial of LTD benefits by stating that "'there are no significant cognitive, emotional or behavioral impairments to substantiate out of work status.'" *Id*. at 21 (providing no citation for the quotation). But Mr. Rall fails to cite authority, and we have found none, requiring a medical opinion at the initial benefits determination when the claimant, as here, fails to submit sufficient medical records warranting an examination. Moreover, Aetna did seek Dr. Mendelssohn's opinion before denying Mr. Rall's LTD-benefits appeal.

Second, Mr. Rall contends that Aetna ignored the September 1, 2011, opinion of its senior LTD benefits manager, Erica Vargo, that he cannot perform his job. He refers to a claim note by Ms. Vargo made promptly upon the transfer of his STD file for LTD benefits consideration. This note summarized prior information provided by Ms. Frey. But it was not an approval of benefits, and Ms. Vargo requested that Mr. Rall provide more information to support his request for LTD benefits.

In light of Mr. Rall's failure to submit requested information and Aetna's referral for an independent expert opinion, we cannot conclude that there is a significant likelihood that Aetna's inherent conflict of interest affected its decision. *See Foster*, 693 F.3d at 1232 ("The circumstances do not suggest a higher likelihood that the inherent conflict affected the benefits decision." (internal quotation marks omitted)); *see also Hancock v. Metro. Life Ins. Co.*, 590 F.3d 1141, 1155 (10th Cir. 2009) ("[A] conflict of interest affects the outcome at the margin, when we waver between affirmance and reversal.") We, like the district court, therefore give the conflict of interest limited weight in determining whether Aetna abused its discretion.

Mr. Rall next argues that Aetna's denial of LTD benefits was not supported by substantial evidence. "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decision maker." *Rekstad v. U.S. Bancorp*, 451 F.3d 1114, 1119-20 (10th Cir. 2006). "We will not substitute our own judgment for that of the plan administrator unless the

administrator's actions are without any reasonable basis." *Geddes v. United Staffing Alliance Emp. Med. Plan*, 469 F.3d 919, 929 (10th Cir. 2006).

Mr. Rall asserts that although his treating providers, Dr. Schnur, and Aetna's employees concluded that he had serious psychiatric issues and could not return to his own occupation, Aetna ignored these opinions and instead relied exclusively, and without explanation, on the opinion of Dr. Mendelssohn. Also, Mr. Rall faults Aetna and Dr. Mendelssohn for failing to request to examine him. And he complains that Dr. Mendelssohn never challenged the diagnoses made by Ms. Frey. Again, we are not persuaded.

Contrary to Mr. Rall's assertion, Aetna did not consider only Dr. Mendelssohn's opinion. Mr. Rall admitted as much when he argued (as noted above) that Aetna relied "heavily" on Dr. Oliva's treatment note when denying LTD benefits.

Nor was it unreasonable for Aetna to rely on Dr. Mendelssohn's assessment of the medical evidence. *See Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 577 (7th Cir. 2006). A further examination of Mr. Rall was not required by Tenth Circuit law or by the plan. *See Fought v. Unum Life Ins. Co. of Am.*, 379 F.3d 997, 1015 (10th Cir. 2004) (per curiam), *abrogated in part on other grounds by Glenn*, 554 U.S. at 116, *as recognized in Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1192 (10th Cir. 2009). And we cannot say that Aetna failed to gather or examine relevant evidence. *See Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1282 (10th Cir.

2002) ("We give less deference if a plan administrator fails to gather or examine relevant evidence.").  Rather, it was Mr. Rall who failed to provide sufficient medical information to Aetna after being asked to do so on several occasions.  His apparent reliance on his STD record failed to meet his burden under the plan of proving LTD.

Also, Dr. Mendelssohn in effect did challenge Ms. Frey's diagnoses. Dr. Mendelssohn concluded, after reviewing the records and conducting a peer-to-peer review with Ms. Frey, that Mr. Rall did not have an impairment affecting his ability to function.

Finally, Mr. Rall faults the district court and Aetna for suggesting that "a person with longstanding mental health issues cannot recover LTD benefits if [he] decline[s] over time and eventually become[s] disabled."  Aplt. Br. at 29.  But that was not the basis of Aetna's decision or even Dr. Mendelssohn's conclusions.  And Dr. Mendelssohn's comment regarding no evidence of decline appears to be merely a paraphrase of her observation that Mr. Rall's "clinical presentation is reflective of longstanding personality characteristics."  Supp. App. at 315.[2]

Considering the evidence in the record as a whole, *see Caldwell*, 287 F.3d at 1282, we conclude that Aetna's decision to deny LTD benefits to Mr. Rall was not

---

[2]    In his reply brief Mr. Rall asserts for the first time that Aetna improperly shortened the time provided by the plan to file his LTD benefits claim and supporting medical documentation.  We generally decline to consider an issue not presented to the district court, *see Ray v. Unum Life Ins. Co. of Am.*, 314 F.3d 482, 487 (10th Cir. 2002), or raised for the first time in an appellate reply brief, *see Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

arbitrary or capricious.  Instead, Aetna based its decision on a reasonable basis and therefore it must be upheld.  *See Hancock*, 590 F.3d at 1155.

The judgment of the district court is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge